UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DANIEL LYNN WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 3:20-CV-535 |
| ) | 3:17-CR-055 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is Daniel Lynn Williams' ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 114].[1] The United States has responded in opposition. [Doc. 5]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 4]. Petitioner has also filed a motion for writ of habeas corpus ad testificandum [Doc. 3] which is pending before this Court. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 114] and his motion for writ of habeas corpus ad testificandum [Doc. 3] will be **DENIED**.

I.  BACKGROUND

---
[1] Document numbers not otherwise specified refer to the civil docket.

In May 2017, Petitioner and three co-defendants were charged in a six-count indictment pertaining to being felons in possession of stolen firearms. [Crim. Doc. 2]. Petitioner was named in three counts. [*See id*.].

On June 15, 2017, Petitioner entered into a plea agreement with the government. [Crim. Doc. 21]. Petitioner agreed to plead guilty to one count of possessing a machine gun not registered to him in violation of 26 U.S.C. §§ 5841, 5861(d), & 5871. [*See id*.] The plea agreement was signed by Petitioner and attorney Jonathan Moffatt.

In his plea agreement, Petitioner acknowledged that on or about August 11, 2016, Petitioner stole weapons from a shooting supply store in Louisville, TN, including the machine gun referenced in the indictment, and sold the machine gun to co-defendant. Co-defendant sold the machine gun to another co-defendant, who then sold the machine gun to the final co-defendant. The machine gun was never registered to Petitioner. Between July 2016 and August 2016, Petitioner stole more than 20 guns and various ammunition from the shooting supply store and 2 guns from another person. Petitioner sold or traded the stolen firearms and ammunition, some to co-defendant. [*Id*. at 2-3].

The Court conducted a change of plea hearing on June 21, 2017. Although there is no transcript of that hearing in the record, the minutes from the hearing indicate that Petitioner was arraigned and specifically advised of his rights pursuant to Fed. R. Crim. P. Rule 11, that his motion to change plea to guilty was granted, that he waived the reading of the Indictment, that he pled guilty to Count 3 of the Indictment, that the Government moved to dismiss the remaining counts at sentencing, that Petitioner was referred for a

2

Case 3:20-cv-00535-RLJ-DCP   Document 7   Filed 06/15/22   Page 2 of 11   PageID #: 29

Presentence Investigative Report ("PSR"), and that he was to remain in custody until his sentencing hearing. [Crim. Doc. 27].

Based on an objection by Petitioner, a Revised Presentence Investigative Report ("RPSR") was issued. The RPSR calculated a total offense level of 33 and a criminal history category of VI, resulting in a guideline range of 235 to 293 months. [Crim. Doc. 57, ¶ 71]. However, the advisory guideline range was restricted to 120 months due to the statutory mandatory maximum sentence. [*Id*.]. The RPSR also noted that, but for Petitioner's plea agreement containing the Rule 11(c)(1)(C) agreed sentence of 110 months and the United States dismissing Counts 2 and 3, Petitioner would have been subject to a guidelines range of 262 moths to 327 months. [*Id*. at ¶¶ 78-79].

The government filed a notice of no objections to the PSR. [Crim. Doc. 53]. The government also filed a sentencing memorandum wherein it concurred that the statutory maximum was 120 months' imprisonment, restricting the sentencing range to 120 months. [Crim Doc. 54]. The United States requested the Court impose the Fed. R. Crim. P. Rule 11(c)(1)(C) agreed sentence of 110 months. [*Id*.].

Petitioner, through counsel, filed one objection to the PSR regarding the criminal history points attributed to a prior conviction. [Crim. Doc. 55]. This objection was addressed in the PSR addendum [Crim. Doc. 58] and resolved by the issuance of the RPSR. Petitioner, through counsel, filed a sentencing memorandum, requesting the Court adopt the Fed. R. Crim. P. Rule 11(c)(1)(C) agreed sentence of 110 months and allow Petitioner's sentence to run concurrently with the sentence in his Blount County criminal charges. [Crim. Doc. 56].

3

On October 18, 2017, the Court sentenced Petitioner to a total of 110 months' imprisonment and then three years of supervised release. [Crim. Doc. 60]. Petitioner's sentence was to run concurrently with his Blount County criminal charges and consecutively to his Claiborne County and Sullivan County revocations. [*Id.*]. Petitioner did not file a direct appeal, but on December 10, 2020, he filed this § 2255 motion.

II. **STANDARD OF REVIEW**

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under

4

§ 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

III. ANALYSIS

As an initial matter, Petitioner seems to raise three claims of ineffective assistance of counsel in this § 2255 motion. Petitioner claims his counsel was ineffective because his counsel lied to him in three different ways: 1) regarding his state sentences and calculating time, 2) regarding the plea agreement being beneficial to Petitioner, and 3) regarding Petitioner's choice of federal prison and credit for time. [Doc. 1; Crim. Doc. 114]. The Court will address the claims together before addressing Petitioner's non-dispositive motion [Doc. 3].

### A. Timeliness

The Government asserts that Petitioner's motion is untimely as the one-year period of limitations applies to Petitioner's motion. [Doc. 4]. Under 28 U.S.C. § 2255, Petitioner's limitation period runs from the latest of four dates – 1) the date when the judgment of conviction is finalized, 2) the date an impediment by government action is removed if applicable, 3) the date the asserted right was initially recognized by the Supreme Court or the date when a newly recognized right is made retroactively applicable, and 4) the date when the facts surrounding the claim(s) could have been discovered through due diligence. Here, Petitioner does not assert a newly recognized right, nor does he assert any impediment by government action keeping him from timely filing this § 2255 motion. Therefore, the appropriate limitations date is the later date of when Petitioner's judgment became final or when the facts supporting the claim could have been discovered.

Petitioner's claims are based on facts surrounding the conditions of his sentence and the contents of his plea agreement. These are facts which could have been discovered prior to or discovered at Petitioner's sentencing hearing on October 18, 2017, through the

6

exercise of due diligence. Petitioner's judgment became final November 1, 2017, as he did not file an appeal, and thus, as the latter of the two dates, is the date the Court will use in determining timeliness of the motion. Because Petitioner filed the instant motion December 10, 2020, over two years beyond the period of limitations provided in 28 U.S.C. § 2255(f)(1), his motion is untimely, absent the applicability of equitable tolling.

Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The AEDPA limitations period may be subject to equitable tolling if the movant shows that (1) extraordinary circumstances beyond his control made timely filing of a federal habeas petition impossible and (2) the movant has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts," *Robertson*, 624 F.3d at 784, and the movant bears the burden of showing that equitable tolling is appropriate. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

To demonstrate in this case that he is entitled to equitable tolling, Petitioner must establish that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649. Petitioner has not attempted to show that any extraordinary circumstance existed or prevented him from timely raising the claims contained in his § 2255 motion or that he had been pursuing his rights diligently. Because Petitioner has not established he was unable to timely file his § 2255 motion to vacate due

7

to extraordinary circumstances beyond his control, the Court need not address the diligence prong of the equitable tolling test.

Accordingly, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 114] will be **DENIED** as untimely. However, Petitioner's claims alternatively fail on the merits.

### B. Merits

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*,

8

Case 3:20-cv-00535-RLJ-DCP   Document 7   Filed 06/15/22   Page 8 of 11   PageID #: 35

477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Petitioner's arguments fail at *Strickland's* second step. Petitioner has not shown that he was prejudiced by any of the statements his attorney allegedly made regarding the concurrency of his state and federal punishments, his choice of prison facilities, the beneficial nature of the plea agreement, and the way Petitioner's federal prison time will be calculated. First, any misinformation regarding the concurrency of Petitioner's state and federal charges were cured by the Court at the sentencing hearing and in the language of the Plea Agreement. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). Second, the Bureau of Prisons ("BOP") determines where prisoners are housed, and although the Court can make a recommendation, the final decision lies with the BOP. Third, while Petitioner faults his counsel for the Plea Agreement not being "beneficial" to him, the Court notes that Petitioner has "no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). The government was therefore under no obligation to offer an even more lenient plea, and the RPSR and the Plea Agreement make it clear that Petitioner

9

received a favorable plea agreement. *See* [Crim. Doc. 57, ¶¶ 78-80]; *see also* [Crim. Doc. 21, ¶ 2]. Finally, as Petitioner has not begun his federal sentence, the BOP has not yet calculated Petitioner's credits for time previously spent in custody. As the BOP is responsible for that determination *after* Petitioner is transferred to federal custody, Petitioner cannot show that his attorney's statements are inaccurate. *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001). However, if his credits are incorrectly calculated, Petitioner can seek relief from the BOP through the administrative remedy process.

Further, Petitioner has not alleged that he would not have pled guilty or proceeded to trial but for counsel's mis-advice. Petitioner thus cannot bear his burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Accordingly, Petitioner's ineffective assistance claims [Doc. 1; Crim. Doc. 114] will alternatively be **DENIED** as Petitioner has not shown that he was prejudiced by any alleged ineffectiveness of counsel.

### C. Motion for Writ of Habeas Corpus ad Testificandum [Doc. 3]

Petitioner has also filed a motion for writ of habeas corpus ad testificandum [Doc. 3], requesting the Court grant his motion to testify at a hearing on the issues in his § 2255 motion. Because the Court has determined that a hearing is not necessary in this case and that Petitioner's § 2255 motion is untimely and meritless, Petitioner is not needed to testify at a hearing. Accordingly, Petitioner's motion for writ of habeas corpus ad testificandum [Doc. 3] will be **DENIED**.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 114] will be **DENIED** and **DISMISSED** and Petitioner's motion for writ of habeas corpus ad testificandum [Doc. 3] will be **DENIED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge